# CHARLESTON.

42 365
51 498

DEVER *et al.* v. WILLIS *et al.*

Submitted June 8, 1896—Decided Nov. 21, 1896.

EQUITY PLEADING—UNSIGNED BILL—DEMURRER.

    A paper writing, purporting to be a bill in chancery, original or amended, not signed by any one, is demurrable, and should

be stricken from the record, unless properly amended by leave of the court.

T. W. HARRISON and W. SCOTT for appellant. W. Scott cited Story's Eq. Plead. s. 47; Bart. Suit in Eq. 50, 51; 1 Bart. Chy. Prac., 269; 4 Minor's Inst. 11, 25; Adams' Eq. 315; 38 W. Va. 409; 8 Gen. Dig. 24; 21 Atl. Rept. 187; 133 U. S. 233, 579; 10 W. Va. 59; 11 W. Va. 307; 21 W. Va. 124; 29 W. Va. 519; 20 Gratt. 903.

JOHN BASSEL for appellee, cited Code, c. 125, s. 53; Code, c. 72, s. 6.

DENT, JUDGE.

In the Circuit Court of Harrison county, April rules, 1893, Lloyd L. Lang and Arthur C. Dever filed their bill in chancery against George E. Ross *et al.*, seeking the enforcement of a judgment lien against the real estate of said Ross. In term time an order of reference was had to ascertain such real estate and the lien and priorities against the same. Afterwards (just at what time the record does not disclose) plaintiffs filed (or, at least, there appears in the record what purports on its face to be) an amended bill, making numerous new parties, seeking, not only the enforcement of a deed of trust given to secure many debts, including plaintiffs', but also to sell the equity of redemption by virtue of plaintiffs' judgment. On the 29th day of September, 1894, the defendant George E. Willis appeared and entered a general demurrer to the bill and amended bill, for want of proper parties and other causes. On the 1st day of October, 1894, the court, without formally disposing of the demurrer, entered a decree in favor of plaintiffs on the commissioner's report; thus, in effect, overruling the demurrer.

The defendant here, on appeal, assigns the following reasons why his demurrer should have been sustained: (1) The amended bill was not signed by either plaintiffs or their counsel. (2) Proper parties were not before the court. (3) No sufficient excuse is alleged to justify a court of equity in interfering with the trustee in the proper execution of the deed of trust.

It has long been settled law that a bill in chancery must

be signed, or it is demurrable. Story, Eq. Pl. § 47. The rule is certainly a good one, and approved by reason, time, and the best authority; and this Court should not, at this late day, be called upon to abrogate so wholesome a requirement, because counsel, in the rush of business, has neglected to comply therewith. On the contrary, there are manifest reasons why it should be strictly enforced. Until a bill is so signed, whether original or amended, it can not be regarded as complete, and therefore a proper part of the record. This conclusion being reached, it becomes improper to determine the other questions raised, as they depend entirely on the alleged amended bill, which, in its incomplete state, can not be considered at this time.

For the foregoing reasons the decree will be reversed, and the cause remanded, with leave to the plaintiffs to amend their bill, if they wish to so do, and to be otherwise proceeded in according to the rules of equity.