UNITED BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEES AND RAILWAY SHOP LABORERS, W. D. ROBERTS AND DAVID M. ARMOUR,

*vs.*

LEO I. KENNEDY, WILLIAM P. HAINES, C. A. RIEGEL, J. T. REDMON, C. L. HAWKINS, J. F. OWEN, F. B. COLLIER, B. D. BALLINGER, A. W. WITKOP, C. B. O'FLANAGAN, W. H. KANE, W. C. WEAVER AND D. C. REDMON,

*New Castle, Dec. 7, 1921.*

Under *Chancery Rule* 31, requiring that all bills be signed by complainant and his solicitors, a purported signing by two of three complainants by typewriting their names at the end of the bill is insufficient.

Under *Chancery Rule* 31 requiring that every bill be under oath or affirmation by complainant that what is contained therein, so far as concerns his act and deed is true, and that what relates to the act and deed of any other person he believes to be true, affidavit of an officer of one of complainants that what is contained in the bill, so far as relates to defendants, is true and correct, as he verily believes, *held* an insufficient verification.

Want of proper signatures and verification of a bill may be corrected by amendment.

Though the failure of a bill to allege the authority of an officer of one of complainants to sign it may be taken advantage of by demurrer, it is not available to defendants on petition for leave to file an amended bill.

A defect in the prayer for relief may be corrected by amendment.

Leave to file amendment to bill was, under the circumstances, granted on condition that complainants pay costs thus far incurred in the cause.

MOTION TO FILE AMENDED BILL OF COMPLAINT.    The original bill of complaint in this cause was presented to the Resident Associate Judge of New Castle County, under a recent amendment of the Constitution of this state, and upon motion of solicitors for the complainants an order was entered for the issuance of a restraining order and rule to show cause why a preliminary injunction should not be issued.    The rule was made returnable before the Chancellor on the 25th day of November, A. D. 1921.    On November 23d the complainants' solicitor informed the Chancellor of his intention to apply for leave to amend the bill, and at the return of the rule J. Frank Ball, Esq., appearing specially for the defendants for the purpose, moved to dismiss the bill on ground considered later as objections to filing the amended bill.    The motion to dismiss was denied.    On December 3d solicitors for the complainants presented a proposed amended bill and asked leave to file same in substitution for the original bill, which was objected to by solicitors for the defendants, who had entered a general appearance in the cause for the defendants.    The objections are stated in the opinion of the Chancellor.

*David J. Reinhardt* and *Alexander Jamison*, for the complainants.

*J. Frank Ball* and *Robert G. Harman*, for the defendants.

THE CHANCELLOR.    The complainants ask leave to amend by filing an amended bill of complaint as a substitute for the original bill heretofore filed.    The defendants object to the granting of the leave because, they contend, the original bill is so defective in the signatures thereto and in the vertification thereof, and in the prayer for ultimate relief, that there cannot be said to be any bill before the court and, therefore, there can be nothing on which to predicate an amendment.    Leave to amend is further objected to because, it is said, nowhere in the original bill does it appear that the complainants who purport to bring suit for the United Brotherhood of Maintenance of Way Employees and Railway Shop Laborers have authority to bring such suit.

Rule 31 of this court requires that all bills "shall be signed by the complainant, countersigned by his solicitor and filed before they are presented."

That the original bill is defective is manifest.  There are three complainants, and, under the most favorable view, only one of the three complainants has signed the bill, two of the three purporting to sign by having their names typewritten at the end thereof. Such a signing is not sufficient.

The verification of the original bill is also clearly defective.  The rule requires that—

"every bill, except those filed by a corporation, shall be under oath or affirmation by the complainant that what is contained in the bill so far as concerns the complainant's act and deed is true, and that what relates to the act and deed of any other person, he believes to be true."

The affidavit attached to the original bill in this cause purports to have been made by only one of the complainants, to-wit, the United Brotherhood of Maintenance of Way Employees and Railway Shop Laborers, who undertook to verify the bill by the affidavit of its grand vice-president.  His affidavit states that—

"he is a member of the said United Brotherhood and one of the complainants named in the foregoing bill;  that what is contained in said bill so far as relates to the defendants is true and correct, as he verily believes."

The two individual complainants make no attempt to verify the bill in any wise.

It may, therefore, be said, that, tested by the rules of this court, the original bill is unverified, as well as unsigned as required by the rule.

It is unnecessary for me to consider the question of the effect when only one of several complainants undertakes to sign a bill.

The complainants by the amendment seek to supply both proper signatures and proper verification so as to correct the deficiencies of the original bill.   By objecting to the granting of leave to amend, the defendants seek to prevent the complainants from correcting these deficiencies.  I do not think the defendants are entitled to have the request of the complainants denied.  The particulars in which the complainants seek to amend their bill are particulars which under the rules governing equity pleading and practice are recognized as proper to be corrected by amendment.

I have no doubt that with respect to these particulars it is proper to allow the amendment.  Referring first to the defective

verification it is sufficient for me to refer to the unreported case of *Jones v. Carpenter, et al.*, which was before Chancellor Curtis in this County on September 9, 1920, in which there was a demurrer to the bill, one of the grounds of demurrer being that there was an improper verification. In that unreported case, the Chancellor suspended the hearing on the demurrer for a sufficient length of time to allow the complainant to amend his bill by supplying a proper verification. Under that precedent, I do not hesitate to likewise allow the complainants in this case to amend their bill by supplying a verification in proper form. The precedent referred to is supported by 1 *Daniell's Chancery Practice*, (*4th Amer. Ed.*) 395, where it is stated that advantage can only be taken of the omission of an affidavit by demurrer. *Hamilton v. Marks*, 5 *De G. & S.* 638, holds that the affidavit required in an interpleader bill may be amended by leave of the court. I am of opinion that the precedent established by Chancellor Curtis is supported by authority, and should be followed.

As to the other objection, to-wit, that the original bill is not signed by all the complainants, I am likewise of opinion that the defect in this respect is similarly correctible by amendment. The old English practice, I believe, did not require complainants to sign bills. There was a rule, however, which required that the bill should be signed by counsel. This rule was just as binding in its requirements as is the rule of this court exacting from complainants their signatures to bills. The rulings of courts, therefore, with respect to the absence of signatures by counsel under the old practice are quite in point in considering the effect of the absence of signatures under the present rule.

"Every bill," says Story in his work on *Equity Pleading, par.* 47, "whether original or not, must have the signature of counsel annexed to it." The want of proper signature is ground for demurrer, or may also justify a motion to strike the bill from the files. *Whitehouse, Equity Practice, par.* 124. The same reference from Whitehouse also contains the following language:

"The omission [that is, of signature] cannot be remedied after filing of the bill, except by order of the court, but leave to amend will be granted even after motion to strike the bill from the files for such defect."

In *Wright v. Wright*, 8 *N. J. Eq.* 143, want of signature of

counsel was allowed to be corrected by amendment, and in *Carey v. Hatch*, 2 *Edw. Ch.* (*N. Y.*) 190, the Vice Chancellor, notwithstanding a motion to take the bill off the files because of the absence of the signature of counsel, expressed his inclination to permit counsel to append his signature, and thus perfect the bill.

In *Dever, et al., v. Willis, et al.*, 42 *W. Va.* 365, 26 *S. E.* 176, an amended bill was unsigned as required, and the appellate court reversed the decree on that ground, but granted leave to the complainants to amend.

*Smith on Chancery Practice,* *106, after pointing out that the bill must be signed by counsel states, if it be not signed it will, on application, be taken off the files; but

"if the defendant perfers he may demur for want of signature of counsel. If the plaintiff discovers an error of this description, it is advisable for him to immediately apply either by petition or motion of course for leave to amend his bill by adding the name of counsel."

It will be observed that the motion to amend is designated by this author as "of course." To similar effect is 1 *Daniell's Chancery Practice*, (5 *Amer. Ed.*) 299 (*312), *note; Id.* 382 (*400).

In view of the foregoing precedents, I am clearly of opinion that while the failure to sign the bill exposes it to proper attack from the defendants, yet the defect is such as may be corrected by amendment. I, therefore, think that the complainants should have leave to file their amended bill, and thus supply both signatures and verification on the part of the complainants, the features which were lacking in the original bill.

Something was said by the defendants to the effect that the signature by the grand vice-president of the complainant United Brotherhood of Maintenance of Way Employees and Railway Shop Laborers was without authority of the Brotherhood— rather that the bill failed to disclose any such authority. I do not assume to pass upon the sufficiency of this point at this time. If it is necessary, as a matter of pleading for the bill to allege the authority of the grand vice-president of the Brotherhood, and if there is as a matter of fact no allegation to this effect, the point can be taken advantage of by demurrer; certainly it is not available to the defendants at the present time, when the question

simply is whether the complainants should have leave to file an amended bill as asked.

I understand the defendants further to object to the filing of the amended bill because the original bill contained no prayer for ultimate relief. Granting such to be the case, nothing is to be deduced therefrom, except the commanding necessity of securing leave to amend. If the prayers for relief are defective, a highly proper case for granting of leave to amend is presented. I cannot see the slightest ground for hesitating because of this objection to the granting of the leave asked for. A defect in the prayer for relief is among the defects specially mentioned by Daniell as proper to be corrected by amendment. 1 *Daniell's Chancery Practice*, (*4th Amer. Ed.*) 401.

In view of the fact that the complainants' bill as originally filed was so thoroughly deficient in the particulars I have referred to, I think the costs should be imposed upon the complainants as a condition to their being permitted to amend their bill.

Leave will, therefore, be granted to amend upon payment of costs thus far incurred in the cause, without prejudice to the restraining order heretofore issued.

Let an order be entered accordingly.

Note: An amended bill was filed and the defendants demurred thereto. See *post p* 106.